IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF
TENNESSEE NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 2:05-00003 |
| YOUNG MOON | |

## DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT

Comes now the Defendant, Young Moon, by and through Counsel of record, Jennifer Lynn Thompson, and hereby files these objections to the presentence report.

**The Offense Conduct**, p. 5. The statement of facts are those that were presented by the government. The defendant is still involved in defending and appealing her case and does not concede any of the facts as listed in paragraphs 6 - 22. The defendant asks that the statement reflect that they represent proof at trail presented by the government.

**Victim Impact**, p. 8. There were only three healthcare providers listed in the indictment and the defendant objects to the characterization of additional victims. During trial, the government argued that patient harm was not an issue and therefore, it should not be a factor in sentencing.

Even after considering footnote number 1, the amount of loss as listed in paragraph 23 is not itemized and the defendant is unable to respond with any accuracy or authority.

**Obstruction of Justice**, p. 9. There is no evidence that the defendant's statements impeded the investigation of the case. The defendant was not indicted for any conduct after January 9, 2002. Therefore, the need to suspend the defendant's Medicare payments as listed in the presentence report is without merit.

The Court has not expressly found that the defendant committed perjury so the enhancement for perjury is improper.

**Offense Level Computations**, p. 10.

Paragraph 32. The defendant objects to the calculation of loss as $1,295,653.36. Pursuant to U.S.S.G. § 2B1.1, Application Note 3, all losses are

to be offset by credits for services rendered. It is unclear from the total listed in paragraph 32 how probation arrived at the amount of intended loss. The defendant asks that the presentence report explain in detail how probation calculated the final amount. Counsel cannot make a knowing and educated response without this information. The proof at trial did not support an intended loss of almost $1.3 million.

Paragraph 33. Again, the defendant objects to characterization of more "victims" than listed in the indictment. There was no jury finding of additional victims and during trial the government argued that patient harm was not an issue in the case.

Paragraph 34. The defendant was convicted of the offense of filing false claims and no sophisticated skill was required.

Paragraph 35. The defendant objects to the conclusions of the probation officer that there was risk of serious bodily injury. The defendant asks for specific expert proof of such.

Paragraph 36. Again, the defendant objects to this enhancement and asks for specific expert proof of the same.

Paragraph 37. The defendant objects to the characterization that the defendant used a special position of trust. The only persons who could bill for medical services would be a doctor or medical professional, so the very nature of the crime requires this patient-doctor relationship.

Paragraph 38. The defendant objects to this enhancement. There is no evidence that the statements of the defendant to investigators interfered with the investigation. In addition, the defendant has already been convicted of this offense, so an enhancement is duplicative.

**Net Monthly Cashflow**, p. 19, paragraph 70. The defendant has not yet sold any property and would have a difficult time paying this fine within 60 days.

**Recommendation Special Conditions**. The Defendant is unclear about whether this is a lifetime ban on working in the healthcare industry. If so, the defendant objects to probation's request for a lifetime ban and asks that probation provide counsel with the statutory authority the Federal Court has to impose such a ban.

**Voluntary Surrender**, p. 23. The defendant has already surrendered her passport. She is now a United States citizen and would not be able to travel to outside the country without a passport. The defendant did inform her previous counsel that she was relocating to Oklahoma. There was miscommunication between counsel and the probation office. The defendant is not a risk of flight and therefore voluntary surrender is appropriate.

Respectfully submitted,

_____
Jennifer Lynn Thompson, Tenn. BPR 18250
Attorney for Young Moon
1208 Seventeenth Avenue, South
Nashville, TN 37212
(615) 320-4344 office
(615) 320-4159 fax
jennifer@justiceforyall.com

CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been delivered by way of _____ U.S. Mail with postage prepaid and/or _____ facsimile and/or _____ hand delivery to the following:

Ellen B. McIntyre
United States District Court Middle District
110 9th Avenue South
A-961
Nashville, TN 37203-3870
Phone: (615) 736-5151
Fax: (615) 736-5323

Jill Moore, U.S. Probation Officer
United States District Court Middle District
110 9th Avenue South
Suite A-725
Nashville, TN 37203
Phone: (615) 736-5771 x108
Fax: (615) 736-5519

On this day, March 10, 2006,

_____
Jennifer Lynn Thompson